**FILED**
**UNITED STATES DISTRICT COURT**
**DENVER, COLORADO**
*1:03 pm, Dec 08, 2025*
**JEFFREY P. COLWELL, CLERK**

UNITED STATES DISTRICT COURT

DISTRICT OF COLORADO

Civil Action No.: [To be Assigned]


ABIGAIL E. OMMERT,

individually and as the parent and sole caregiver of minor child J.D.O.,

Plaintiff,

v.

USAA FEDERAL SAVINGS BANK

Defendant.

**SECOND EMERGENCY VERIFIED COMPLAINT AND JURY DEMAND**


**INTRODUCTION**

Plaintiff brings this emergency action because Defendant USAA Federal Savings Bank has wrongfully frozen and withheld over $85,718 of Plaintiff's personal funds despite promising in writing to release the funds within 60 days under its September 29, 2025 Closure Notice. The deadline expired November 29, 2025. USAA has not released any usable funds.

USAA claims it mailed paper checks on December 3, 2025 via untracked USPS mail, despite Plaintiff's written requests for certified trackable delivery or an emergency wire transfer due to imminent eviction, disability-related survival needs, and the medically fragile status of Plaintiff's minor child. Plaintiff has not received the checks. Even if received, they are drawn on Chase Bank—which will not allow Plaintiff to cash more than $2,500 as a non-customer—rendering them unusable. Plaintiff has no access to her funds.

**PARTIES**

Plaintiff resides in Douglas County, Colorado at 6208 Red Canyon Drive, Apt A, Highlands Ranch. She is the full-time caregiver and sole legal and physical guardian of her nine-year-old son, J.D.O., who is permanently disabled under Colorado IDD determinations. He is nonverbal, legally blind in one eye, has choking and elopement risks, autism, and requires 24/7 line-of-sight adult supervision within arm's reach for safety and survival.

**FACTUAL ALLEGATIONS**

Plaintiff's caregiving responsibilities require highly specialized respite support. Her primary respite provider, Tiffany Vaughn, owner of Tiffany's Specialized Services, is a state-recognized caregiver trained to care for medically complex, profoundly disabled minors. She is one of the only individuals in Colorado qualified to safely provide care to J.D.O.

Because Plaintiff cannot access her own frozen funds, she has been unable to pay Ms. Vaughn for essential specialized caregiving work already performed. As a direct and foreseeable result, Ms. Vaughn is now behind on rent and facing imminent eviction. Ms. Vaughn, whose livelihood depends on Plaintiff's payments, urgently requires approximately $8,000 within the next 24 hours to stabilize her housing and continue providing critical care services.

Ms. Vaughn has stated she will be forced to give notice and terminate services at any time. Losing this caregiver places Plaintiff's disabled son at immediate risk of harm due to choking danger, blindness, elopement behavior, nonverbal status, and inability to self-regulate or communicate emergencies. Plaintiff cannot provide 24-hour care alone without collapse.

As a direct result of USAA's unlawful withholding of funds, Plaintiff has also suffered severe, urgent financial consequences. Plaintiff and her minor son now require **immediate emergency monetary damages of $15,000** to address critical debts, restore essential services, prevent further collapse of disability-related supports, maintain housing, secure necessary medical supplies, and recover from the catastrophic harm caused over the past 60+ days. These emergency damages are separate from the frozen funds and represent survival-level relief for the next 7–14 days.

Plaintiff's long-term housekeeper and home-care manager, essential in maintaining a medically safe environment, is preparing to resign due to non-payment. Plaintiff is facing total collapse of all caregiving and safety infrastructure. USAA was explicitly informed of this cascading harm. Plaintiff pleaded for emergency access to funds, a same-day wire transfer, or certified delivery of funds. USAA refused every request and instead knowingly mailed unusable checks using non-trackable mail.

This constitutes irreparable harm: imminent eviction, loss of medically necessary caregiving, inability to purchase food or medical supplies, collapse of household safety infrastructure, and danger to a permanently disabled minor child.

**CLAIMS**

1. Regulation E Violations

2. UDAAP Violations

3. Breach of Contract

4. Negligence

5. Conversion

6. Emotional Distress (IIED/NIED)

**EMERGENCY RELIEF REQUESTED**

*Plaintiff requests:*

• Immediate order compelling USAA to release all frozen funds via emergency same-day wire transfer;

• Immediate certified, trackable disbursement of funds;

• Immediate emergency monetary damages of **$15,000** for Plaintiff and her disabled minor child to address critical debts, stabilize the household, and restore essential supports;

• Emergency relief to prevent the eviction and financial collapse of caregiver Tiffany Vaughn ($8,000 immediate need);

• Compensatory, consequential, punitive, and emotional distress damages;

• Any further relief deemed necessary to prevent irreparable harm.

Respectfully submitted,

Abigail E. Ommert

Pro Se Plaintiff

6208 Red Canyon Dr., Apt A

Highlands Ranch, CO 80130

(720) 514-3602 / abbye1978@gmail.com